# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CENTURY MARTIAL ART SUPPLY, L.L.C., )
)
Plaintiff, )
) Case No. CIV-17-1210-M
v. )
)
ALL AMERICAN MARTIAL ARTS, SUPPLY, INC., )
)
Defendant. )

## ORDER

Before the Court is defendant's Motion to Dismiss First Amended Complaint, filed January 10, 2018. Plaintiff filed its response on February 12, 2018, and on February 26, 2018, defendant filed its reply. Upon review of the parties' submissions, the Court makes its determination.

### I. Introduction

Plaintiff is an Oklahoma resident and originally filed this action against defendant in the District Court of Oklahoma County on April 17, 2017, alleging various violations of both state and federal law. Essentially, plaintiff claims that defendant engaged in false and deceptive advertising and product-labeling tactics that have resulted in lost sales to plaintiff. Defendant—an Ohio corporation headquartered in Sterling, Virginia—thereafter removed this case to this Court, and now moves to dismiss for lack of personal jurisdiction.

Defendant principally contends that it does not conduct business in Oklahoma, and that its allegedly unlawful activity—false advertising and mislabeling products—was not intentionally directed at Oklahoma. Defendant admits that it conducts business over the internet, including minimal web sales to Oklahomans[1], but maintains that its website is generally accessible to

---
[1] Excluding sales to plaintiff, defendant's sales to Oklahoma residents consistently accounted for less than 1% of its total sales every year between the years 2010 and 2017 (inclusive).

residents across the county and that Oklahoma is not specifically targeted in any way. In response, plaintiff claims that defendant's allegedly unlawful activity was directed toward Oklahoma residents with the intent of undercutting plaintiff's sales. Plaintiff also points out that defendant has sold products to at least four Oklahoma residents through its website, and contends that defendant should not be permitted to benefit from the Oklahoma consumer market without being subject to suit in the state.

II. Discussion

When a court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). In the preliminary stages of litigation, however, the plaintiff's burden is light. *Doe v. Nat'l Med. Servs.,* 974 F.2d 143, 145 (10th Cir. 1992). Where, as here, a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *Wenz,* 55 F.3d at 1505. When evaluating the prima facie case, all factual disputes must be resolved in favor of the plaintiff in determining whether he has made the requisite showing. *Wenz,* 55 F.3d at 1505.

To demonstrate personal jurisdiction over a nonresident defendant, a plaintiff must satisfy the requirements of the forum's long arm statute—as well as the federal Constitution. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990). Oklahoma's long arm statute is coextensive with the constitutional limitations imposed by due process. *Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1416-17 (10th Cir. 1988). Therefore, if jurisdiction is consistent with due process, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant. Due process requirements are satisfied when personal jurisdiction is asserted over a nonresident

corporate defendant that has "certain minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Minimum contacts may be demonstrated by showing a defendant's contacts with the forum warrant the exercise of either general or specific jurisdiction.[2] Courts may exercise specific jurisdiction if "the nonresident defendant purposefully directed its activities at the forum state." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1071 (10th Cir. 2008). Purposeful direction exists when there is "an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov,* 514 F.3d at 1072.

Additionally, in cases involving the internet, the Tenth Circuit focuses on whether the website or internet user "*intentionally direct[ed]* his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there." *Shrader v. Biddinger,* 633 F.3d 1235, 1240 (10th Cir. 2011) (emphasis in original). Specifically, courts consider whether the "defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* at 1241. In short, "*the forum state itself must be the focal point of the tort.*" *Id.* at 1244 (emphasis in original).

Having carefully reviewed the submissions of both parties, and applying the principles established above, the Court finds that plaintiff has failed to demonstrate a prima facie case for specific jurisdiction over defendant. Specifically, the Court finds that plaintiff has failed to allege facts showing that defendant intentionally targeted Oklahoma with its allegedly tortious activities. Throughout its complaint and briefing, plaintiff alleges that defendant's actions of false advertising

---

[2] In asserting that this Court has personal jurisdiction over defendant, plaintiff relies exclusively on arguments surrounding specific—rather than general—jurisdiction. Accordingly, the Court finds that it need not address whether it may exert general personal jurisdiction over defendant.

3

and misleading statements have led to various violations of the law and resulted in damages to plaintiff. Nevertheless, even when read in the light most favorable to plaintiff, its allegations only show that defendant operated a website accessible to the general public, and that some Oklahoma residents utilized that forum in buying the products that were falsely advertised and deceptively labeled. "These allegations clearly describe alleged conduct intentionally targeted not to Oklahoma as a forum, or particularly to [plaintiff] in Oklahoma. . . but to millions of consumers throughout the United States." *Allen v. IM Sols., LLC*, 83 F.Supp.3d 1196, 1207 (E.D. Okla. 2015). The Court finds that plaintiff's allegations lack any intentional action on the part of defendant toward Oklahoma; these allegations only show that Oklahoma residents had access to the allegedly improperly advertised products.

Finally, plaintiff has requested leave to amend, to the extent this Court grants any part of defendant's motion. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, the Court, finds that any attempt by plaintiff to amend its complaint would be futile. Accordingly, the Court denies plaintiff's request for leave to amend its complaint.

III. Conclusion

For the reasons set forth above, the Court GRANTS Defendant All American Martial Arts Supply, Inc.'s Motion to Dismiss [docket no. 12] and DISMISSES this case for lack of jurisdiction.

**IT IS SO ORDERED this 22nd day of October, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE